IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION
FILED
U.S. DISTRICT COURT
2011 JAN 26 PM 3:37
CLERK _____
SO. DIST. OF GA.

CLARENCE JESSIE JACKSON,

    Petitioner,

vs.

                    CIVIL ACTION NO.: CV210-114

DONALD BARROW, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Clarence Jackson ("Jackson") filed a petition for writ of habeas corpus, as amended, pursuant to 28 U.S.C. § 2254 challenging his conviction obtained in Wayne County Superior Court. Respondent filed an Answer-Response, and Jackson filed a Reply. For the reasons which follow, Jackson's petition should be **DENIED**.

## STATEMENT OF THE CASE

Jackson was convicted after a jury trial of possession of cocaine with intent to distribute and was sentence to 25 years' imprisonment, without parole, as a recidivist. (Doc. No. 8-1, p. 1). Jackson filed a direct appeal, asserting that the affidavit on which the search warrant was based was invalid, and, as a result, the cocaine and drug-sale paraphernalia found during the execution of the warrant should not have been admitted during trial. The Georgia Court of Appeals found Jackson waived this objection, as he did not object at trial when this evidence was "tendered and admitted[.]" Jackson v.

State, 281 Ga. App. 368, 368, 636 S.E.2d 34, 35 (2006). The Georgia Supreme Court dismissed Jackson's petition for certiorari as untimely filed. (Doc. No. 12-11).

Jackson filed a petition for writ of habeas corpus in the Superior Court of Telfair County. In his petition, Jackson asserted that he was denied effective assistance of counsel because his trial counsel, Alvin Leaphart ("Leaphart"), did not file a motion to suppress and did not object to the admission of evidence during the trial of his prosecution. (Doc. No. 12-2). Jackson amended his petition to assert that Leaphart failed to conduct a pre-trial investigation regarding the search warrant and supporting affidavit. (Doc. No. 12-3). The Telfair County Superior Court denied Jackson's requested relief. (Doc. No. 12-5). The Georgia Supreme Court denied Jackson's application for certificate of probable cause to appeal the denial of his state habeas corpus petition. (Doc. No. 12-6).

In this petition, Jackson contends that his conviction was obtained in violation of the Fourth Amendment, as the search warrant affidavit included false statements necessary to the finding of probable cause. Jackson also contends that his trial counsel did not conduct any pre-trial investigation concerning the search warrant and affidavit. (Doc. No. 1, p. 8). Jackson asserts that the Georgia Court of Appeals denied him a full and fair direct appeal. Jackson also asserts that the state habeas corpus court (and, in turn, the Georgia Supreme Court) erred in denying his requested relief and by not reviewing Leaphart's testimony at the evidentiary hearing. (Doc. No. 10).

Respondent avers that Jackson fails to state a claim for federal habeas corpus relief, and his petition should be denied.

AO 72A
(Rev. 8/82)

## STANDARD OF REVIEW

28 U.S.C. § 2254(d) sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A State court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's

3

case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Fourth Amendment Claim

Jackson asserts that his conviction was in violation of the Fourth Amendment, as the affidavit used to secure the search warrant contained information the affiant knew to be false, and this information was necessary to the finding of probable cause. Respondent contends that this ground has been procedurally defaulted, as the Georgia Court of Appeals found, because Jackson did not object to the search warrant's contents and the introduction of evidence obtained as a result of the warrant at trial.

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, ___ U.S. ___, 129 S. Ct. 1769, 1780 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). The Supreme Court has "held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review." Id. The adequacy of the procedural bar is not a matter of state law, but "is itself a federal question." Id. (internal quotation marks omitted). A three-part test is used to determine "whether the state decision rested upon an independent and adequate ground under state law: First, the last state court rendering a judgment in the case must clearly and expressly state

4

that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law." Doorbal v. Dep't of Corr., 572 F.3d 1222, 1227 (11th Cir. 2009) (internal punctuation and citations omitted). "Finally, the state procedural rule must be adequate; i.e., it must not be applied in an arbitrary or unprecedented fashion [or be manifestly unfair]." Id. (alterations in original).

The Georgia Court of Appeals, in finding that Jackson waived his objection to the admission of evidence during trial, determined that Jackson did not object to this evidence at trial, "even though fully aware of the discrepancy[.]" Jackson, 281 Ga. App. At 369, 636 S.E.2d at 36. Because of Jackson's failure to raise this objection during trial, Jackson waived any objection to the admission of this evidence he could have raised on appeal. The Georgia appellate court relied on its previously-decided cases Orr v. State, 209 Ga. App. 832, 434 S.E.2d 723 (1993), and Robinson v. State, 232 Ga. App. 280, 501 S.E.2d 536 (1998), in reaching its conclusion. The Georgia Court of Appeals' decision rests on an independent and adequate ground under Georgia law. Jackson is not entitled to his requested relief on this ground.

II. **Ineffective Assistance of Counsel**

Jackson contends that his trial counsel (Leaphart) did not conduct any pre-trial investigation regarding the search warrant affidavit. According to Jackson, the affidavit submitted in support of the search warrant contained false information, which was used to support a finding of probable cause for the issuance of the search warrant.[1]

---

[1] In his section 2254 petition, Jackson does not state that Leaphart rendered ineffective assistance based on Leaphart's failure to file a motion to suppress. Rather, Jackson contends in this petition that the state

5

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent employed to analyze ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Strickland, 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla.

---

habeas corpus court and the Georgia Supreme Court erred by denying this enumeration of error. See Section IV(Grounds Four and Five). Out of an abundance of caution, the undersigned notes that Judge Mullis stated that Leaphart testified at the evidentiary hearing that he did not discover a potential problem with the search warrant until he cross-examined the police officer *at trial*, and Jackson could not show that counsel's performance was deficient. (Doc. No. 12-5, p. 5). Judge Mullis continued and stated that, even if Leaphart had filed a motion to suppress based on the discrepancy in the attesting officer's affidavit, it was "far from certain that such a motion would have been successful[,]" as the discrepancy contained in the affidavit did not affect the probable cause finding for the issuance of the warrant. (Id.). In reaching his determination, Judge Mullis relied on Strickland and found that Jackson did not meet its standard. Jackson has not shown that the state habeas corpus court's decision is contrary to or an unreasonable application of Strickland.

AO 72A
(Rev. 8/82)

Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

The Honorable H. Frederick Mullis, Jr., applied Strickland to this enumeration of error during Jackson's state habeas corpus proceedings and determined that Jackson failed to meet the Strickland standard to show that his trial counsel was ineffective for failing to investigate the affidavit and search warrant before trial. (Doc. No. 12-5, p. 8). In so doing, Judge Mullis noted that Leaphart examined the search warrant and underlying affidavit before trial and did not notice any problems with these documents; it was not until Leaphart cross-examined the attesting officer at trial that he discovered a discrepancy. Judge Mullis also noted that, even if Leaphart's assistance had been deficient for failing to conduct a more thorough pre-trial investigation into this matter, Jackson failed to show that he suffered any prejudice as a result. Specifically, Judge Mullis stated that the attesting officer testified at trial that he called the magistrate judge who issued the warrant and asked if he needed to change the affidavit to reflect that the proper place where the transaction occurred (inside versus outside the residence described in the affidavit), and the magistrate judge informed the officer that he would accept the affidavit as is based on a "'minor technicality.'" (Id. at p. 4) (quoting Doc. No. 12-8, p. 90).

The state habeas corpus court relied on clearly established federal law in making its determination that Leaphart did not render ineffective assistance of counsel. The state habeas corpus court's adjudication on Jackson's ineffective assistance claim was not contrary to nor an unreasonable application of clearly established federal law. Thus, Jackson is not entitled to relief on this ground.

AO 72A
(Rev. 8/82)

III. **Full and Fair Direct Appeal**

Jackson contends that the Georgia Court of Appeals denied him a "full and fair direct appeal[ ]", even though his appellate counsel raised valid grounds on appeal. (Doc. No. 10, p. 1).

The "valid" grounds Jackson alleges he advanced during direct appeal relate to the admission of the cocaine evidence and the trial court's denial of his motion for a new trial. As set forth in Section I of this Report, the Georgia Court of Appeals' determination that Jackson waived these issues is based on an independent and adequate state law ground. Thus, Jackson is not entitled to federal habeas corpus relief based on this ground.

IV. **Alleged Errors by State Habeas and Georgia Supreme Courts (Grounds Four and Five)**

Jackson avers that the state habeas corpus judge overlooked his trial counsel's testimony during the state habeas corpus evidentiary hearing that, had he made the right objection at trial, the cocaine evidence would not have been admitted into evidence. According to Jackson, this testimony shows that his trial counsel rendered ineffective assistance.[2] Jackson contends that he was not given a full and fair hearing during his state habeas corpus proceedings, and, by extension, the Georgia Supreme Court did not provide him with a full and fair decision.

Under 28 U.S.C. § 2254, a petitioner can file a federal habeas challenge to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or

---

[2] See discussion in footnote 1, supra.

length of their confinement." Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1325 (11th Cir. 2010). Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collate0ral proceeding does not state a basis for habeas relief." Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004); see also Carroll v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases). "There is a valid reason behind this principle: '[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment-- i.e., the conviction itself-- and thus habeas relief is not an appropriate remedy.'" Alston, 610 F.3d at 1325-26 (quoting Carroll, 574 F.3d at 1365). "Furthermore, such challenges often involve issues of state law, and [a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Id. at 1326 (alteration in original) (internal citation omitted).

Jackson is not challenging the validity of the fact or the length of his confinement pursuant to these two grounds, but errors he contends occurred during the state collateral review process. Thus, Jackson has failed to state any bases for federal habeas relief.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Jackson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 26th day of January, 2011.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)