# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| CLARENCE JESSIE JACKSON, | * | |
| Petitioner, | * | |
| vs. | * | |
| DONALD BARROW, Warden, | * | CV 210-114 |
| Respondent. | * | |

### ORDER

After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections, as amended, have been filed.[1] In his Objections, Petitioner Clarence Jackson contends that his petition is governed by Green v. Nelson, 595 F.3d 1245 (11th Cir. 2010), and that the Magistrate Judge erred by not reviewing the testimony that Jackson's trial counsel provided during the state habeas corpus proceedings.

---

[1] Jackson filed a Motion to Amend his petition after the Magistrate Judge issued his Report and Recommendation. Jackson's Motion to Amend is **GRANTED**, and the Court notes that Jackson raises contentions in the Motion to Amend that were previously raised in his Objections to the Report and Recommendation.

1

I. **The Applicability of Green v. Nelson**

Green v. Nelson is controlling, but does not dictate a different result, as Jackson suggests. In Green, a factually similar case, petitioner Green argued that his trial counsel was ineffective for not moving to suppress blood and DNA evidence obtained with a warrant based on a factually inaccurate affidavit. 595 F.3d at 1248. There, like in the instant case, the petitioner's trial counsel admitted he made a mistake in reading the affidavit, which led to his failure to file a motion to suppress.[2] Id. at 1250. The Eleventh Circuit rejected the state court's determination that the attorney's not filing a motion to suppress was a "strategic choice," and reviewed de novo the ineffective assistance of counsel claim. Id. at 1251. The court first noted the rule that " '[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense.' " Id. at 1249 (quoting Wiggins v. Smith, 539 U.S. 510, 511 (2003)). Applying that rule, the Green court found that the attorney's failure to file a motion to suppress constituted deficient performance, but that Green

---

[2] See Tr. of Habeas Evid. Hr'g, Super. Ct. of Telfair Cnty. 16:1-12, ECF No. 12-7 (at which trial counsel stated: "[I]f I'd made the right objection at the trial, the cocaine probably would not have gotten into evidence and I'll accept responsibility for that. . . . I think that the search warrant was improper, invalid, that the evidence should not have been admitted, and if I made the proper objection, I think it probably would not have been admitted, and if it had, it would have been reversible error.").

AO 72A
(Rev. 8/82)

failed to demonstrate that the deficiency prejudiced his case. Green, 595 F.3d at 1251-52. Specifically, the court found that even were it to examine the affidavit without the false information, the remaining information in the affidavit was sufficient to establish probable cause. Id. at 1252.

Likewise, even were this Court to ignore the incorrect statement in the affidavit, probable cause would exist. The affidavit described a drug transaction in which a police informant bought crack cocaine from Jackson "inside the residence." Aff. & Appl. for Search Warrant, ECF No. 12-7. Officer Donald Sloan drafted this affidavit prior to the transaction. As it played out, though, the sale actually occurred *outside* Jackson's residence. When the informant pulled up at Jackson's residence, Jackson went outside and got into the informant's vehicle, which was in front of the residence, and conducted the transaction. See Tr. Transcript 89:17-22, ECF No. 12-8. Officer Sloan then called and informed Magistrate Judge Nichols of the discrepancy, who told Sloan he would nonetheless accept the search warrant as typed, because it was a "minor technicality." Id. at 89:23-90:3.

The crux of Jackson's petition is that because the affidavit was technically inaccurate, probable cause to issue the warrant did not exist, and thus evidence obtained in execution of that warrant (i.e. the cocaine) should not have

3

been admitted at trial. Green, however, does not dictate that result. There, the Eleventh Circuit "examine[d] the affidavit without the false information to determine whether the remaining information would have been enough to establish probable cause." 595 F.3d at 1252. The Eleventh Circuit concluded that probable cause existed even without that particular information. Similarly, examining Officer Sloan's affidavit without the phrase "inside the residence" does not eliminate the existence of probable cause: A drug transaction between Jackson and the informant took place just outside Jackson's residence, immediately prior to which Jackson exited his residence to sell drugs to the informant. Considering those facts, along with citizens' and police officers' reports of suspicious activity at the residence,[3] this Court finds that probable cause for a search warrant existed. See Green, 595 F.3d at 1252 (citing Maryland v. Pringle, 540 U.S. 366, 370-71 (2003), for the principle "that the probable cause standard is a 'practical, nontechnical conception that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act' "). Accordingly, Jackson has failed to demonstrate that he was prejudiced by any deficiency

---

[3] See Aff. and Appl. for Search Warrant, ECF No. 12-7 ("The concerned citizen[s] living in the area have stated that vehicles come and go from this location at all different times of the day and night. The citizen[s] have stated the visiting parties only stay two to three minutes then leave. Officers have also observed this pattern of vehicular and pedestrian traffic at this location.").

AO 72A
(Rev. 8/82)

on the part of his trial counsel, be it counsel's alleged failure to investigate the affidavit before trial, failure to move to suppress the evidence, or failure to object to the admission of the evidence at trial.[4]

II. **Trial Counsel's Testimony at State Habeas Proceedings**

Jackson also objects to the Report and Recommendation on the ground that Magistrate Judge Graham refused to examine the testimony given by Jackson's trial counsel at an evidentiary hearing in the state habeas case. At that hearing, the attorney opined that the search was invalid due to technical inaccuracy; the evidence should not have been admitted; and that if he had objected to it at trial, the evidence would not have been admitted. See supra note 2. Jackson's argument is unavailing. Magistrate Judge Graham specifically concluded that the "state habeas corpus court's adjudication on Jackson's ineffective assistance claim was not contrary to nor an unreasonable application of clearly established federal law," Report and Recommendation at 7, ECF No. 20, and the state habeas court necessarily considered the contents of its own evidentiary hearing. Furthermore, as discussed supra, trial counsel's opinions do not overcome Petitioner's failure to demonstrate prejudice under Green.

---

[4] These are the three grounds on which Jackson bases his ineffective assistance claim.

**CONCLUSION**

Jacksons' Objections, as amended, are overruled. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Jackson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 12th day of May, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA